plaint dismissed. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.

■ PAUL DI NUZZO et al., Appellants, v RONALD GARDNER, Doing Business as GARDNER CONSTRUCTION, et al., Respondents.—Harvey, J.

This consolidated action for breach of contract and negligence arises out of the construction of plaintiffs' residential dwelling in the Town of Colonie, Albany County, in the late summer and early fall of 1982. The facts are relatively undisputed. Plaintiff Paul Di Nuzzo, apparently acting in the capacity of his own general contractor, orally contracted with defendant Ronald Gardner to excavate space for the building's foundation, and with defendant Michael J. Centanni, a mason contractor, to construct and pour the footings and foundation for the premises. Di Nuzzo arranged and obtained building inspections for the property. Following construction of the actual residence, plaintiffs moved into the house in December 1982. Approximately a year later plaintiffs noticed their home was beginning to settle and crack, apparently due to the composition of the soil underneath it. A professional engineer consulted by plaintiffs confirmed that the soil condition beneath the house consisted of cinder and ash from an old landfill that was not capable of supporting the structure.

The suit against Gardner basically alleges that Gardner negligently excavated the foundation and failed to recognize that the excavated soil would not support the structure of a house. Regarding Centanni, plaintiffs essentially assert that Centanni failed to inspect, identify and investigate the ground conditions under the footings and foundation and thereby recognize their instability. Thereafter both defendants moved for summary judgment dismissing the complaint upon the ground that neither defendant is liable to plaintiffs for the damages they sustained as a result of the settling of the structure. While these motions were still pending plaintiffs moved for leave to amend their complaint to add an additional cause of action sounding in implied warranty. Supreme Court granted defendants' motions for summary judgment and denied plaintiffs leave to amend their complaint. This appeal by plaintiffs followed.

Supreme Court properly granted defendants' motions for summary judgment dismissing the complaint. In support of

their motions for summary judgment, defendants came forward with affidavits and other competent proof establishing that the agreement between Di Nuzzo and defendants was simply to perform the work as specified by Di Nuzzo and that these duties did not include a direction by Di Nuzzo for defendants to perform any sort of soil testing. Significantly, in an excerpt from Di Nuzzo's examination before trial attached to Centanni's motion papers, Di Nuzzo concedes that he did not hire Centanni to identify any soil problem or inspect the soil under the footings. Di Nuzzo also acknowledged that Centanni never identified himself as an expert in soil compaction or testing. Also included in the summary judgment motion papers is a letter dated October 8, 1982 from the Town of Colonie Building Department which indicates that Di Nuzzo had been personally informed by an inspector of that office that soil at the building site appeared to have been part of a small landfill at one time. The inspector stated that "[a]t that time I told you that engineering would be required". Nonetheless, no soil tests were performed and the house proceeded to be built with all work performed to plaintiffs' apparent satisfaction.

The facts on the motions establishing that defendants had undertaken no duty to test or inspect the soil sufficiently entitled these parties to judgment in their favor (see, CPLR 3212 [b]; Winegrad v New York Univ. Med. Center, 64 NY2d 851, 853). The burden then shifted to plaintiffs to come forward with proof in evidentiary form sufficient to demonstrate the existence of a triable issue of fact (see, Zuckerman v City of New York, 49 NY2d 557, 562). In our view plaintiffs have failed in this burden, thus entitling defendants to judgment in their favor. Despite the many conclusory allegations in plaintiffs' papers as to what defendants could have done or should have known, the fact remains that defendants' opinions as to the condition of the soil were not requested by plaintiffs and no duty to inspect or vouch for its condition was ever undertaken. It remains uncontroverted that the only party who apparently knew of the poor soil condition was Di Nuzzo himself, not defendants (cf., Caceci v Di Canio Constr. Corp., 72 NY2d 52, 56).

Finally, Supreme Court properly denied plaintiffs' motion to amend their complaint to add an additional cause of action (see, CPLR 3025 [b]; Balsam v Delma Eng'g Corp., 139 AD2d 292, lv dismissed 73 NY2d 783) for implied warranty based on the Court of Appeals decision in Caceci v Di Canio Constr. Corp. (supra). Plaintiffs themselves were the home builders in

this case, not defendants, and therefore they were the individuals in the best position to prevent the occurrence of major defects. The remaining contentions of the parties have been examined and have been found to be lacking in merit.

Order affirmed, with costs. Mahoney, P. J., Weiss, Mikoll, Mercure and Harvey, JJ., concur.